## SUCCESSION OF WILLIAM S. BARR.

Parties cannot be controlled as to the order in which they choose to introduce their evidence.

It is true, as a general principle, that the authority of an attorney at law cannot be disputed, except under certain circumstances; but the principle only extends to cases in which he is acting within the limits of the duties which his profession imposes on him. When disputed, the authority of an attorney at law, not of record, requires proof, as in cases of agency.

APPEAL from the District Court, Parish of St. Mary, *Nicholls*, J. *Olivier*, for plaintiff. *Walker*, for defendant and appellant.

VOORHIES, J. In this case, *James Y. Smith*, classed as one of the creditors on the tableau of distribution filed in the Succession of *William S. Barr*, deceased, in May, 1834, took a rule on *Robert B. Brashier*, the curator, to enforce the payment of his claim.

The curator answered by pleading, as matter of defence, prescription and payment.

There was judgment in favor of plaintiff, making the rule absolute, and the defendant appealed.

Our attention has been drawn to a bill of exceptions in the record. On the trial of the rule, the Judge à quo ruled out a receipt offered in evidence, which was given to the defendant by *Franklin Wharton*, holding himself out as the attorney of plaintiff, for the sum of five hundred dollars. In connection, the defendant offered a letter written to him by *Wharton*, for the purpose of fixing the date of the receipt. The rejection of the evidence was based on the ground of the absence of proof showing the authority of *Wharton* to act as the attorney of plaintiff. It is conceded he was not the attorney of record for the plaintiff. Under the rules of practice, as settled by our jurisprudence, it is clear that parties cannot be controlled as to the order in which they choose to intro-

duce their evidence. Hence the defendant had clearly the right to introduce in the first place, the receipt; and if afterwards he failed to connect it with proof of the authority of the attorney, as a matter of course, it would produce no effect. It is true, as a general principle, the authority of an attorney at law cannot be disputed, except under certain circumstances; but, as we understand it, the principle only extends to cases in which he is acting within the limits of the duties which his profession imposes on him. When disputed, the authority of an attorney at law, not of record, requires proof as in other cases of agency.

Although the creditor appears to have waited a long time for the payment of his claim, yet, as the defendant may have it in his power to show the authority of the attorney and to substantiate his right to the credit which he claims, the ends of justice, we think, require that the case should be remanded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and the case remanded to be tried according to law. It is further ordered that the costs of appeal be borne by the appellee.

SLIDELL, C. J. As my brethren think the ends of justice will be promoted by remanding this cause, and the circumstances of the case, (the long lapse of time and long silence of the creditor, &c.,) are such as to create doubts in my mind as to the extent of the defendant's liability, I concur in the decree remanding the cause; but wish to be considered as not expressing an opinion upon the bill of exceptions.